## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 10:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Thomas De Cola
North Judson, Indiana

ATTORNEY FOR APPELLEE

Janette E. Surrisi
Wyland Humphrey Clevenger &
Surrisi, LLP
Plymouth, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas De Cola,

*Appellant-Plaintiff,*

v.

Starke County Commissioners,

*Appellee-Defendant.*

February 28, 2019

Court of Appeals Case No.
18A-CT-2239

Appeal from the Pulaski Circuit Court

The Honorable Michael Shurn, Judge

Trial Court Cause No.
66C01-1801-CT-3

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, Thomas De Cola (De Cola), appeals the trial court's grant of summary judgment in favor of Appellees-Defendants, Starke County Commissioners (the Commissioners).

We affirm.

# ISSUE

De Cola presents six issues on appeal, which we consolidate and restate as the following: Whether the trial court properly granted summary judgment in favor of the Commissioners where De Cola did not comply with the Indiana Tort Claims Act (ITCA).

# FACTS AND PROCEDURAL HISTORY

The undisputed facts in the record show that De Cola owns land adjacent to former parcel #75-04-36-500-003.000-011, which is a former railroad right-of-way (the parcel). The instant appeal stems from a tax sale that took place in Starke County on February 27, 2014, at which De Cola bid on the tax sale certificate for the parcel (the Certificate). Starke County Auditor Katherine Chaffins (Auditor Chaffins) and a person who provided the name Herb Kuehn (Kuehn) also bid on the Certificate. Kuehn placed the highest bid, and De Cola placed the second-highest bid. Kuehn did not pay his winning bid for the Certificate, and the Certificate was not offered again for sale by the Auditor's office.

On April 10, 2014, Deputy Auditor Suzanne McCarty (Deputy Auditor McCarty) sent De Cola and others who owned land adjacent to the parcel a letter in which she stated that several property owners had provided documentation from the late 1800s showing that the railroad's right-of-way was extinguished when it ceased being used for that purpose. As a result, Deputy Auditor McCarty informed De Cola and the other land owners that "the railroad property running through your property in Railroad Township has now been transferred into the name shown above & all prior taxes have been removed." (Appellant's App. Vol. III, p. 25). Deputy Auditor McCarty offered to allow De Cola and the other land owners to combine their tax statements for the railroad property with their existing tax statements. De Cola took advantage of this offer by submitting the appropriate paperwork to combine the tax statements for his property.

On October 31, 2017, De Cola filed his Complaint against the Commissioners in which he made allegations of constructive fraud. De Cola amended his Complaint once and sought leave to amend his Complaint a second time. On April 4, 2018, De Cola filed the final version of his Complaint in which he alleged that as part of a conspiracy originating in the Starke County Auditor's Office, someone impersonating Auditor Chaffins and someone impersonating Kuehn had conspired to "maliciously bid against [De Cola] for the Certificate to intentionally deny [De Cola] from purchasing the Certificate." (Appellant's App. Vol. III, p. 65). De Cola also alleged that

> [a]fter the sale in the Auditor's Office, the impersonator of
> [Kuehn] conspired with the impersonator of Auditor Chaffins
> and Deputy Auditor [McCarty] to not pay for the Certificate, and
> to draft a letter [] which contained false material representations.

(Appellant's App. Vol. III, p. 66). De Cola sought to have a new tax sale certificate issued to him for the parcel and the award of *pro se* attorney fees and his litigation costs.

[7] On April 13, 2018, the Commissioners filed an answer to De Cola's Complaint as well as a motion for judgment on the pleadings, which they supported with an affidavit by Auditor Chaffins and a memorandum. Appended to the memorandum in support of its motion was a copy of a tort claim notice that De Cola filed dated July 19, 2017, that was addressed to the Starke County Commissioners, the Office of the Attorney General, and to the Indiana Political Subdivision Risk Management Commission. The Starke County Auditor received this notice on July 21, 2017. In his tort claim notice, De Cola averred that he was "incapacitated do [sic] to service contacted [sic] disability, which prevented proper time filing." (Appellant's App. Vol. III, p. 152). On May 1, 2018, De Cola filed his response to the Commissioner's motion for judgment on the pleadings, which he supported with an affidavit in which he made the following relevant averments:

> 10. The impersonator of [] Kuehn told me after the auction that
> he had no intentions of paying for the Certificate that he bid on.
>
> * * *

15.  At the sale, on February 27, 2014, I thought that the impersonators were legitimate bidders and didn't suspect fraud until months later.  After obtaining a hindsight perspective of the situation, I started conducting research into the truth of the matter.

* * *

17.  I witnessed after the auction, in the Auditor's Office the two impersonators conspiring with Deputy Auditor [McCarty] to not pay for the Certificate, and to draft a letter [] for the adjoining landowners to obtain sections of the Certificate.

18.  I received the letter from the Auditor's Office in the mail days later and followed the instructions and advice contained in the letter.  The letter contained a request to combine parcels and a form [] which is not a state board of accounts prescriptive document and cites no statutory authority.  The letter contained misrepresentations that adjoining landowners had rights to the right-of-way fee based upon deeds from the 1800s.

(Appellant's App. Vol. III, pp. 212-14).

[8]  On June 5, 2018, the trial court held a hearing on all pending motions, including the Commissioners' motion for judgment on the pleadings, which the trial court treated as a motion for summary judgment.  On July 10, 2018, the trial court issued its Order granting summary judgment to the Commissioners and making the following relevant findings:

5.  Ind. Code § 34-6-2-110(10) enumerates that the Commissioners meet the definition of political subdivision.

6. Ind. Code § 34-13-3-8 provides that tort claims against political subdivisions are barred unless a plaintiff gives the subdivision notice within 180 days after the occurrence of any loss.

7. The Commissioners did not receive notice of a tort claim from [] De Cola until July 21, 2017. [] De Cola admitted in his notice of tort claim that his notice was belated.

8. The tax sale and the tax sale conduct in dispute occurred on February 27, 2014.

9. [] De Cola knew on the day of the sale on February 27, 2018, [sic] that the highest bidder for the [Certificate] for [the parcel] was not going to pay. (Affidavit of [] De Cola May 1, 2018, ¶ 10).

10. [] De Cola alleges he noted unusual bidding activity the day of the sale. (Affidavit of [] De Cola May 1, 2018, ¶ 13). [] De Cola also says he witnessed impersonators conspiring right after the sale held on February 27, 2014. (Affidavit of [] De Cola May 1, 2018, ¶ 17).

11. However, [] De Cola says he didn't suspect fraud until months later after conducting research in the matter. (Affidavit of [] De Cola May 1, 2018, ¶ 15).

* * *

15. The [c]ourt finds that [] De Cola was aware of the conduct he complains of as early as February 27, 2014. And, the [c]ourt further finds that the common parlance of "months later" means less than one-year [sic]. Therefore, [] De Cola was on notice of

any of his claims sometime between February 27, 2014[,] and February 27, 2015.

16. [] De Cola did not file any sort of tort claim notice until July 21, 2017, which is well beyond the 180-day requirement under the Indiana Tort Claims Act. [] De Cola did not give proper notice of his tort claim.

(Appellant's App. Vol. IV, pp. 37-39). The trial court also found that De Cola sought an improper remedy for his claimed torts, the Commissioners' acts were shielded by governmental immunity, De Cola had waived his claims through acquiescence, and that the facts as alleged did not show constructive fraud.[1]

[9] On July 20, 2018, De Cola filed a motion to open the judgment in which he argued that the time for filing his tort claim notice was tolled in light of his incapacitation, the fact that he did not discover his loss until November 17, 2017, during the discovery process, and that the Auditor's Office concealed his cause of action from him. On August 8, 2018, De Cola filed a motion to correct error. The trial court did not rule on De Cola's motions, but on September 19, 2019, it entered an order clarifying for De Cola that his motions were deemed denied after thirty days.

[10] De Cola now appeals. Additional facts will be provided as necessary.

---

[1] The trial court also found that the Commissions had complied in good faith with De Cola's "voluminous, repetitive, and/or defective discovery" and that De Cola was not entitled to a jury trial. (Appellant's App. Vol. IV, pp. 44-45). De Cola does not appeal those findings and conclusions.

# DISCUSSION AND DECISION

## I. *Standard of Review*

[11]   The Commissioners filed a motion for judgment on the pleadings and relied upon an affidavit and other matters outside the pleadings in support. Such a motion is treated as a motion for summary judgment. Ind. Trial Rule 12(C). Summary judgment is appropriate if the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.R. 56(C). We review both the grant or denial of summary judgment *de novo* and apply the same standard as the trial court. *Kerr v. City of South Bend*, 48 N.E.3d 348, 352 (Ind. Ct. App. 2015). "All disputed facts and doubts as to the existence of material facts must be resolved in favor of the non-moving party." *Id*. The non-moving party has the burden on appeal to persuade us that the trial court's grant of summary judgment was erroneous, but we will carefully assess the trial court's decision to ensure that the non-moving party was not improperly denied his day in court. *Id*.

[12]   In addition, we note that the trial court entered findings of fact and conclusions of law in support of its judgment. Special findings are not required in summary judgment proceedings and are not binding on appeal. *AutoXchange.com. Inc. v. Dreyer and Reinbold, Inc.*, 816 N.E.2d 40, 48 (Ind. Ct. App. 2004). However, such findings offer this court valuable insight into the trial court's rationale for its review and facilitate appellate review. *Id.*

## II. *ITCA Notice*

[13] Indiana Code section 34-13-3-8 of the ITCA provides that a claimant alleging a tort against a political subdivision must file a notice within 180 days after the alleged loss occurred. Filing of this notice is a condition precedent which must be fulfilled before suit is brought. *Orem v. Ivy Tech State Coll.*, 711 N.E.2d 864, 869 (Ind. Ct. App. 1999), *trans. denied*. Failure to comply with the ITCA's notice requirement is fatal to a claim and requires dismissal. *See*, *e.g.*, *Weaver v. Elkhart Cmty. Sch. Corp.*, 95 N.E.3d 97, 101 (Ind. Ct. App. 2018) (dismissing Weaver's claim of constructive fraud for failure to comply with the ITCA notice requirement). Once a defendant raises the issue of timely compliance with the ITCA notice requirement, the burden shifts to the plaintiff to prove that he complied. *Id*. Whether a party has complied with ITCA's notice requirement is a question of law to be determined by the court. *Orem*, 711 N.E.2d at 869.

[14] Here, De Cola claimed in his Complaint that (1) he was defrauded out of the Certificate by irregular bidding at the February 27, 2014, tax sale; and (2) the Auditor's Office conspired to write a fraudulent tax letter regarding the ownership of the parcel. Regarding the Certificate, the evidence most favorable to De Cola was that the imposter Kuehn told De Cola directly after the sale that he did not intend to pay for the Certificate. Therefore, De Cola sustained his alleged loss on February 27, 2014, and he knew that day that he had sustained it. Regarding the fraudulent tax letter, the evidence most favorable to De Cola was that he observed the conspiracy to write the allegedly fraudulent tax letter on the day of the sale, February 27, 2014, and he received the letter several days

after the sale. Therefore, De Cola sustained his loss on February 27, 2014, and he knew he had sustained his alleged loss by the beginning of March 2014. However, even taking into consideration that, in an affidavit in opposition to summary judgment, De Cola averred that he did not suspect fraud until "months later," he still would have known about his losses within the 2014 calendar year. (Appellant's App. Vol. III, p. 213). De Cola did not file his tort claim notice until July 21, 2017, more than two years later. We conclude that De Cola's claims were barred because he failed to file a timely ITCA notice. I.C. § 34-13-3-8.

[15] On appeal, De Cola continues to assert, as he did in the trial court, that his cause of action is governed by the six-year statute of limitations provided for claims of fraud. However, the ITCA notice requirement is not a statute of limitations, and compliance with the notice requirement is a condition precedent to filing suit against a political subdivision. *Orem*, 711 N.E.2d at 869. De Cola also argues that he was excused from filing a timely ITCA notice because he was incapacitated, he did not discover his claims until June 20, 2017, when he attempted to obtain a tax deed through his limited liability company, and that the Auditor's Office fraudulently concealed his cause of action from him. However, De Cola did not raise these arguments in the trial court during the summary judgment proceedings.[2] De Cola offered some of

---

[2] De Cola claimed in his tort claim notice that he was "incapacitated do [sic] to service contacted [sic] disability, which prevented proper time filing," but he did not argue this in his summary judgment pleadings or at the summary judgment hearing. (Appellant's App. Vol. III, p. 152).

these arguments in his post-summary judgment motions, but it is a long-standing rule that a party may not raise an issue or argue a different theory for the first time in a motion to correct error. T.R. 59; *Yater v. Hancock Cty. Bd. of Health*, 677 N.E.2d 526, 530 (Ind. Ct. App. 1997). Because there existed no genuine issue of material fact that De Cola failed to timely file his ITCA notice, the Commissioners were entitled to summary judgment as a matter of law.[3]

# CONCLUSION

Based on the foregoing, we conclude that De Cola's claims were barred due to his failure to file a timely ITCA notice and that the trial court correctly concluded that the Commissioners were entitled to summary judgment as a matter of law.

Affirmed.

Kirsch, J. and Robb, J. concur

---

[3] Because we have concluded that De Cola's claims were barred by ITCA's notice requirement, we do not address the trial court's other bases for granting summary judgment in favor of the Commissioners.